NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-94-GFVT

CHAD W. MANUEL                                                                                    PLAINTIFF

VS.                      **MEMORANDUM OPINION AND ORDER**

FLOYD COUNTY DISTRICT COURT, ET AL.                                         DEFENDANTS

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Chad W. Manuel, an individual currently incarcerated in the Floyd County Detention Center in Prestonsburg, Kentucky, has submitted a *pro se* civil rights complaint under 42 U.S.C. §1983 and has requested to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIMS

The plaintiff claims the defendants (1) are punishing him twice for the same offense, a violation of the double jeopardy prohibition in the U.S. Constitution; and (2) have breached the plea agreement which he entered into, which the Court construes as a due process claim.

NAMED DEFENDANTS

As defendants, the plaintiff names the Floyd County District Court; the Floyd County Circuit Court; and "Emma Jones - Legal Aid Attorney."

RELIEF REQUESTED

The plaintiff seeks injunctive relief and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations which this prisoner/plaintiff has written on a common complaint form [Record No. 1].

The plaintiff alleges that he was sentenced in the Floyd District Court for a certain offense which he does not identify. He claims that afterwards, however, he was indicted by the grand jury and sentenced again in the Floyd Circuit Court for the same offense. He complains that Defendant Jones did not prevent this and, in fact, advised him to take the plea agreement. The plaintiff also contends that prior to the second guilty plea, she told him that if he would plead guilty, he could go home until a bed was found for him at a rehabilitation center.

Instead, however, the plaintiff was purportedly placed in jail to await his placement in a rehabilitation center. He claims that he has now been jailed for 4 months, with no bond, despite never having failed to appear on any previous occasion.

The plaintiff seeks damages and injunctive relief in two forms, *i.e.*, the Court's ordering that he be given a surety bond and that the double sentences be retracted.

## DISCUSSION

The plaintiff's federal filing is premature. He must first try to obtain relief through state channels before coming to federal court.

To the extent that the plaintiff challenges his current custody, "It is well recognized that a state-convicted prisoner must first exhaust his available and adequate state remedies as a condition precedent to federal habeas relief." *Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir. 1981) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); 28 U.S.C. §2254. A review of this complaint does not indicate that these constitutional claims have ever been presented to the Kentucky courts by an appeal of his convictions or a state habeas proceeding, or any other state vehicle.

A state prisoner must fully exhaust his available state remedies or prove the futility of doing so. *Rose v. Lundy*, 455 U.S. 509 (1982); *Matlock v. Rose*, 731 F.2d 1236, 1239-41 (6th Cir. 1984). He must present the substance of every claim he intends to assert in a habeas petition to all levels of state review before filing in federal court. 28 U.S.C. §2254; *Franklin v. Rose*, 811 F.2d 322 (6th Cir. 1987). The state's highest court must have an opportunity to review the claims. *Castille v. Peoples*, 489 U.S. 346 (1989). Then and only then will the state prisoner, including the instant prisoner-plaintiff, be permitted to file in federal court.

Plaintiff Manuel's claim for damages is also premature. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court of the United States held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Thereafter, in *Schilling v. White*, 58 F.3d 1081 (1995), the United States Court of Appeals for the Sixth Circuit addressed the issue of a §1983 action seeking damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083.

In *Schilling*, there had not yet been any judicial determination of the legality of the search and seizure issue. When the plaintiff responded by admitting that he had pled guilty and that he had

3

been unable to overturn the conviction on appeal, the district court dismissed his suit, reasoning that it "must be dismissed without prejudice until such time as [plaintiff's] conviction is set aside." *Id.*

Studying the effect of the *Heck v. Humphrey* decision on previous cases within this circuit, the Sixth Circuit in *Schilling* ultimately decided that the *Heck* case altered a federal court's ability to hear a 42 U.S.C. §1983 lawsuit arising from a person's conviction or confinement. 58 F.3d at 1085. In all §1983 actions thereafter, if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, imprisonment or sentence, the plaintiff must show that his state conviction has been rendered invalid; if he does not make this showing, his §1983 action must be dismissed. *Id.*

At this time, in this case, the instant plaintiff's complaint alleging a §1983 cause of action for constitutional violations lacks the same essential element as in *Schilling* and *Heck*, *i.e.*, invalidation of the plaintiff's convictions or sentences. Therefore, the case *sub judice* must be dismissed, the dismissal to be without prejudice to Plaintiff Manuel's ability to bring another cause of action at a later time, after invalidation of his convictions and sentences.

## CONCLUSION

Accordingly, the Court being advised, pursuant to 28 U.S.C. §1915(e)(2)(B), **IT IS ORDERED** that this action be **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 24th day of May, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

4